MEKA MOORE (SBN 180017)
mmoore@selmanlaw.com
TIMOTHY J. MCFEELY (SBN 293864)
tmcfeely@selmanlaw.com
SELMAN LEICHENGER EDSON HSU NEWMAN & MOORE LLP
10880 Wilshire Blvd., Suite 1200
Los Angeles, CA 90024
Telephone: 310.445.0800

Attorneys for Defendant HOUSTON SPECIALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| B. DEIRMENJIAN, DDS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HOUSTON SPECIALTY INSURANCE COMPANY, a Texas Corporation; SKYWARD SPECIALTY INSURANCE, a Texas Corporation; and DOES 1 through 100,<br><br>Defendants. | Case No. 2:24-cv-06881-SPG-AGR<br><br>STIPULATED PROTECTIVE ORDER<br><br>Judge:   Hon. Sherilyn Peace Garnett |

1. **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and/or defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure

1

2:24-cv-06881-SPG-AGR

and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

2. **GOOD CAUSE STATEMENT**

This action is likely to include proprietary, trade secret and/or confidential commercial information, financial records and/or information, and insurance information protected by statute and/or a third party's right to privacy. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record in this case.

3. **ACKNOWLEDGEMENT OF PROCEDURE FOR FILING UNDER SEAL**

The parties further acknowledge, as set forth in Section 14 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards applied when a party seeks permission from the Court to file materials under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See *Kamakana v. City and County of Honolulu* (9th Cir. 2006) 447 F.3d 1172, 1176; *Phillips v. Gen. Motors*

*Corp.* (9th Cir. 2002) 307 F.3d 1206, 1210-1211. A specific showing of good cause or compelling reasons why proper evidentiary support and legal justification must be made with respect to Protected Material that a party seeks to file under seal. The party's mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not constitute good cause without the submission of competent evidence by declaration establishing that the materials qualifies as confidential, privileged, or otherwise protected.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, must be shown and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See, *Pintos v. Pacific Creditors Ass'n* (9th Cir. 2010) 605 F.3d 665, 677-679. For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protected portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation why redaction is not feasible.

### 4. DEFINITIONS

4.1   Action:  B. *Deirmenjian D.D.S., Inc. v. Houston Specialty Insurance Company, et al.*, Central District of California Case No. 2:24-cv-06881-SPG-AGR.

4.2   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

1481 102727 4913-1272-4249 .v1

4.3 <u>CONFIDENTIAL</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

4.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL.

4.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this Action.

4.7 <u>Expert</u>: a person with specialized knowledge or expertise in a matter pertinent to this litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.9 <u>Non-Party</u>: any natural person, partnership, corporation, association or other legal entity not named as a Party to this Action.

4.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and includes support staff.

4.11 <u>Party</u>: any party to this Action, including all officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

1481 102727 4913-1272-4249 .v1

    4.12   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

    4.13   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    4.14   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as CONFIDENTIAL.

    4.15   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**5.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (i) any information copied or extracted from Protected Material; (ii) all copies, excerpts, summaries, or compilations of Protected Material; and (iii) any testimony, conversations, or presentations by any Party or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**6.   DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition is the later of (i) dismissal of all claims and defenses in this Action with or without prejudice, or (ii) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time under applicable law.

///

1481 102727 4913-1272-4249 .v1

## 7. DESIGNATING PROTECTED MATERIAL

7.1. **Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all Parties that it is withdrawing the inapplicable designation.

7.2. **Manner and Timing of Designations.** Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend CONFIDENTIAL (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for

1481 102727 4913-1272-4249 .v1

protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins)

(b) for testimony given in depositions, the Designating Party must identify the Disclosure or Discovery Material that is protected on the record, before the close of the deposition.

(c) For information produced in some other form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend CONFIDENTIAL. If only a portion or portions of the information warrant protection, the Producing Party, to the extent practicable, must identify the protected portion(s).

7.3. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for that material. On timely correction of a

1481 102727 4913-1272-4249 .v1

designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 8. CHALLENGING CONFIDENTIALITY DESIGNATIONS

8.1     Any Party or Non-Party may challenge a designation of confidentiality at any time consistent with the Court's scheduling order.

8.2     The Challenging Party must initiate the dispute-resolution process (and, if necessary, file a discovery motion) under Local Rule 37.

8.3     The burden of persuasion in any such proceeding is on the Designating Party. Frivolous challenges and/or those made for an improper purpose (for example, to harass, delay, or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties must continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 9. ACCESS TO AND USE OF PROTECTED MATERIAL

9.1     A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may disclosed in this Action only to the categories of people and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 15 below.

9.2     Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to the following people:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of that Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this action;

8

2:24-cv-06881-SPG-AGR

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided that the deposing party requests that the witness sign the form attached as Exhibit A hereto and the witnesses will not be permitted to keep any confidential information unless they sign the form, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed on by any of the Parties engaged in settlement discussions or appointed by the Court.

10. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as

1481 102727 4913-1272-4249 .v1

CONFIDENTIAL, that Party must:

(a) promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order unless prohibited by law;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification must include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order should not produce any information designated in this action as CONFIDENTIAL before a determination on the protective order request by the relevant court unless the Party has obtained the Designating Party's permission. The Designating Party bears the burden and expense of seeking protection of its Confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party to this Action and designated as CONFIDENTIAL. Such information is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required by a valid discovery request to produce a Non-Party's Confidential Information in its possession and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's

Confidential Information, then the Party must:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Confidential Information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party must not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a ruling on the protective order request. Absent a court order to the contrary, the Non-Party must bear the burden and expense of seeking protection of its Protected Material.

**12. <u>UNAUTHORIZED DISCLOSUE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately notify the Designating Party in writing of the unauthorized disclosures, use its best efforts to retrieve all unauthorized copies of the Protected Material, inform the person or people to whom unauthorized disclosure were made of the terms of this Order, and ask that person or people to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

///

11
2:24-cv-06881-SPG-AGR

1481 102727 4913-1272-4249 .v1

## 13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

## 14. MISCELLANEOUS

14.1 Nothing in this Order abridges the right of any person to seek its modification by the Court.

14.2 By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

14.3 A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected material may be filed under seal only pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 15. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 6, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same

1  person or entity, to the Designating Party) by the 60-day deadline that identifies (by
2  category, when appropriate) all the Protected Material that was returned or destroyed
3  and affirms that the Receiving Party has not retained any copies, abstracts,
4  compilations, summaries, or any other format reproducing or capturing any of the
5  Protected Material. Notwithstanding this provision, Counsel are entitled to retain an
6  archival copy of all pleadings, motions papers, hearing transcripts, legal memoranda,
7  correspondence, deposition and trial exhibits, expert reports, attorney work product,
8  and consultant and expert work product, even if such materials contain Protected
9  Material. Any such archival copies that contain or constitute Protected Material
10 remain subject to this Order as set forth in Section 6.

**16. SANCTIONS**

Any willful violation of this Order may be punished by civil contempt, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 10, 2025

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP


By: *Timothy J. McFeely*
MEKA MOORE
TIMOTHY J. MCFEELY
Attorneys for Defendant HOUSTON
SPECIALTY INSURANCE
COMPANY

1481 102727 4913-1272-4249 .v1

Dated: January 31, 2025_  KEOSIAN LAW LLP

By: _____
HAROUT GREG KEOSIAN
MELKON R. MELKONIAN
EILEEN KEUSSEYAN
Attorneys for Plaintiff B.
DEIRMENJIAN, DDS, INC.

I, Timothy J. McFeely, as the EFC user and filer of this document, attest that concurrence in the filing of this document has been obtained from counsel identified above.

DATE: February 10, 2025    *Timothy J. McFeely*

DATE: FEBRUARY 18, 2025    *Alicia G. Rosenberg*
_____
HON. ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Central District of California on _____ [date] in the case of *B. Deirmenjian D.D.S., Inc. v. Houston Specialty Insurance Company, et al.*, Case No. 2:24-cv-06881-SPG-AGR. I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [full name] of _____ [address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State were signed: _____

Printed name: _____

Signature: _____